**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| J. MICHAEL LIGHTNER,<br><br>    Petitioner,<br><br>v.<br><br>1621 ROUTE 22 WEST OPERATING COMPANY, LLC,<br><br>    Respondent. | CIVIL ACTION NO. 12-4696 (MLC)<br><br>**O P I N I O N** |

    **THE RESPONDENT**, 1621 Route 22 West Operating Company, LLC ("Somerset Valley"), moves to dismiss the action for lack of jurisdiction, arguing that the National Labor Relations Board ("the NLRB") and the petitioner, J. Michael Lightner, the regional director of Region 22 of the NLRB ("the Regional Director"), each lacked authority to institute the action. (See dkt. entry no. 77, Mot.; dkt. entry no. 77-1, Br. in Supp. at 9-19.) Somerset Valley relies primarily on the recent decision of the United States Court of Appeals for the District of Columbia ("D.C. Circuit") in Noel Canning v. NLRB, Nos. 12-1115 & 12-1153, 2013 WL 276024 (D.C. Cir. Jan. 25, 2013). (See Br. in Supp. at 9-11, 12-14.)

    **IT APPEARS** that the time for direct appeal in the Noel Canning action has not yet expired. The time to petition the United States Supreme Court for a writ of certiorari in that action will not lapse until, at the earliest, Thursday, April 25, 2013. See S.Ct.

R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, . . . entered by a United States court of appeals . . . is timely when it is filed within 90 days after entry of the judgment.") But see S.Ct. R. 13(5) ("For good cause, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days.")

    **THE COURT**, for good cause appearing, will thus issue a separate order, staying and administratively terminating this action.[1] This order will be issued pursuant to the Court's inherent powers to control the docket and preserve judicial economy. See, e.g., Cargill v. State of N.J., Dept. of Educ., No. 09-6024, 2010 WL 4916717, at *2 (D.N.J. Nov. 24, 2010).[2]

                                  s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

Date:     March 1, 2013

---

[1] The Court notes that the Magistrate Judge held a phone conference with Somerset Valley, the Regional Director, and amicus, 1199 SEIU United Healthcare Workers East, on February 25, 2013. During that conference, the Magistrate Judge informed all counsel of the Court's intention to stay and administratively terminate the action.

[2] An order administratively terminating an action is not the equivalent of a dismissal with prejudice. See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating that administrative termination is not a final determination on the merits, as it "permits reinstatement," "contemplates the possibility of future proceedings," and "does not purport to end litigation on the merits").